UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK,

| | |
|---|---|
| Amelia Roskin-Frazee<br><br>Plaintiff,<br><br>v.<br><br>Columbia University,<br><br>Defendant. | **Civil Action No.: 1:17-cv-02032-DAB**<br><br>**Judge: George Daniels**<br><br>**ECF CASE**<br><br>**Jury Trial Demanded**<br><br>Oral Argument Requested |

# PLAINTIFF'S OBJECTION TO DEFENDANT'S APPLICATION OF THE INCORPORATION BY REFERENCE DOCTRINE

Plaintiff objects to Defendant's request for this Court to incorporate by reference Exhibit 1 through Exhibit 15 to the Declaration of Roberta A. Kaplan in Support of Defendant's Motion to Dismiss the Complaint

A. <u>General Objections To Defendant's Exhibits' Incorporation by Reference</u>

Generally, when ruling on a Rule 12(b)(6) motion to dismiss, a district court is limited to the facts alleged in the complaint. *Giragosian v. Ryan,* 547 F.3d 59, 65 (1st Cir. 2008). However, there are some exceptions to this rule. Relevant here, a court may consider external documents that are incorporated by reference in a complaint. *Id.* In order for extrinsic evidence to be considered on a Rule 12(b)(6) motion, the evidence must meet several requirements. First a court may consider extrinsic evidence on a Rule 12(b)(6) motion if the complaint necessarily relies on

1

such evidence. *Alt. Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001); *U.S. v. Corinthian Colleges,* 655 F.3d 984, 999 (9th Cir. 2011); *See also Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002) ("[w]e reiterate here that a plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough (emphasis in original).

Notably, however, "While documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim, this is a narrow exception aimed at cases interpreting, for example, a contract." *Levenstein v. Salafsky,* 164 F.3d 345, 347 (7th Cir. 1998) (internal citations omitted). The incorporation by reference doctrine "…is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment." *Id.*

As recognized by the Southern District of New York, "A document is not 'integral' simply because its contents are highly relevant to plaintiff's allegations, but only when it is clear that the plaintiff relied on the document in preparing his complaint." *Tubbs v. Stony Brook University*, WL 8650463 (S.D.N.Y. 2016) *citing Williams v. City of New York,* WL 4461716 (S.D.N.Y. 2015). In *Tubbs,* the Court considered whether to include the defendant university's 21 exhibits attached to its motion to dismiss in Title IX litigation involving college sexual assault. In refusing to consider the defendant's exhibits, the Court states:

> The Court similarly cannot find that the remaining exhibits are integral to the Complaint. The exhibits do trace the evolution of Plaintiff's complaint and expand on many of her allegations. However, this expansion does not make the exhibits proper on a motion to dismiss, where only documents that can be considered incorporated or integral are taken into consideration. In essence, the University Defendants ask the Court to weigh evidence that tends to disprove (or expand upon) Plaintiff's allegations. The Court will not entertain such an exercise, which is clearly improper on a motion to dismiss. *Tubbs,* WL 8650463 (S.D.N.Y. 2016) at pp. 5-6.

The Court went on to weigh consideration of exhibits virtually identical to those in this case:

> More specifically, though many of the exhibits are generally referenced in the Complaint, it cannot be said that such documents are integral to (i.e., that Plaintiff must have relied heavily on their terms and effects in drafting) the Complaint. For example, exhibits 2-4 are Plaintiff's Sexual Assault Reporting forms and her official statement to the police. In her Complaint, Plaintiff does allege that she made such a statement and signed these forms. (internal citations omitted) However, these allegations do not rely on or require knowledge of the contents of the proposed exhibits. Similarly, Plaintiff alleges that a hearing occurred and that she was required to represent herself at such hearing. (internal citations omitted) Based on these allegations, the University Defendants contend that the hearing transcript is integral to the Complaint. Not so. On the contrary, the hearing transcript is evidence tending to prove or disprove Plaintiff's allegations; consideration of such evidence is wholly improper on a motion to dismiss, where the inquiry is limited to whether Plaintiff's allegations, accepted as true, state a claim as a matter of law. The same is true for the remaining exhibits: it cannot be said that Plaintiff relied heavily on their terms and effects—essentially their content—in drafting the complaint, simply because the Complaint makes general reference to the documents. *Tubbs*, WL 8650463 (S.D.N.Y. 2016) at pp. 5-6.

Ultimately, in determining whether the defendant acted with deliberate indifference following the alleged assault, as is required in a Title IX liability analysis, the Court indicated, "[Defendants] argue that "Plaintiff simply has failed to plead, as a matter of law, a plausible claim that SUNY was deliberately indifferent"…However, University Defendants' support for this claim lies exclusively in the extrinsic evidence submitted in their motion and the Court will not consider such evidence." *Id.* at p. 7.

With respect to the requirement that a complaint reference an extrinsic document, only a substantial reference will satisfy this element. *Goldman v. Belden,* 754 F.2d 1059, 1066 (2d Cir. 1985); *Friedman v. Lansdale Parking Auth.,* 151 F.R.D. 42, 44 (E.D. Pa 1993). In *Goldman*, the plaintiff, an investor, brought a securities fraud action against a corporation and certain of its officials whom he alleged made material misrepresentations and omissions to induce plaintiff's investment. *Id.* at 1062. In his complaint, the plaintiff quoted several documents, including the defendants' corporate documents. *Id.* at 1062-1063. The defendants filed a Rule 12(b)(6) motion

3

to dismiss, and in support attached and relied on the corporate documents quoted in the plaintiff's complaint, arguing that the plaintiff's quotation of the documents in his complaint incorporated those documents by reference. *Id.* at 1066. The trial court granted the defendants' Rule 12(b)(6) motion, in part, based on the contents of the exhibits attached to the defendants' motion. *Id.* However, the appellate court reversed, holding that, "…limited quotation does not constitute incorporation by reference." *Id.*

Additionally, even a document that establishes a statutory prerequisite to filing a lawsuit is not deemed "central to the complaint" for purposes of the incorporation by reference doctrine. *Equal Empl. V. Prof. Freezing Services, LLC,* 15 F.Supp.3d 783 (N.D. Ill. 2013). In *Prof. Freezing Services, LLC,* the EEOC sued the defendant for violation of Title I of the Americans with Disabilities Act. *Id.* at 785. In its complaint, the EEOC referenced a charge filed by a person claiming that the defendant discriminated against him. *Id.* The defendant filed a Rule 12(b)(6) motion to dismiss, attached the EEOC charge as an exhibit, and argued that it was incorporated by reference into the EEOC's complaint. *Id.* The court refused to incorporate the EEOC charge by reference, recognizing that even though the charge was a statutory prerequisite to the EEOC's filing of its lawsuit, it was not "central" to the EEOC's complaint. *Id.*

If a complaint does not necessarily rely on the extrinsic evidence, then the inquiry is over and the court may not consider the extrinsic evidence on a Rule 12(b)(6) motion. If the complaint does rely on the extrinsic evidence, then a court may consider it on a Rule 12(b)(6) motion only if, "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Corinthian Colleges*, 655 F.3d at 999. Defendant's exhibits fail to meet the necessary standards for incorporation by reference. The majority of the exhibits are not referenced in Plaintiff's Complaint at all and the remaining exhibits

are not "central" or "integral" to Plaintiff's claims.[1] Further, in each instance, Plaintiff questions the authenticity of the documents presented. Most problematic, by including these various exhibits, Defendant is not asking this Court to incorporate by reference the content of the documents in question, but rather, incorporate by reference Defendant's limited presentation and subjective interpretation of its contents. Doing so improperly eliminates the distinction between a motion to dismiss and a motion for summary judgment as it requires a determination as to whether a fact is more or less true.

This is not a case involving a simple contract such as in *Levenstein.* Instead, like in *Tubbs*, the sordid facts and multiple interactions between Plaintiff and Defendant's various agencies cannot be conclusively resolved through Defendant's narrow and conclusory lens. For example, Defendant's presentation of Exhibits 10 and 13 states: "But the contemporaneous record of those communications contradicts Plaintiff's allegations, and makes clear that the investigators did everything possible under the circumstances." (Defendant's Motion at p. 14.) Here, Defendant improperly asks the Court to make a factual determination with limited context based on Defendant's skewed explanation as to why more was not done to investigate Plaintiff's claims. This is undoubtedly improper and is the exact request the *Tubbs* Court refused. The meaning, purpose, and intent of the information contained in the documents are best left determined during discovery where the parties will have an opportunity to obtain all necessary information and not be restricted to Defendant's limited and undoubtedly self-serving presentation. Further, Plaintiff will have the opportunity to examine relevant witnesses and introduce other evidence, such as expert testimony, to support or refute the parties' respective interpretations.

---

[1] Plaintiff concedes that Columbia's Gender-Based Misconduct Policy For Students is incorporated by reference into her Complaint and makes no objection to its incorporation.

B. <u>Exhibit 2 to the Declaration of Roberta A. Kaplan</u>

Plaintiffs object to Defendant's request to incorporate by reference Exhibit 2 to the Declaration of Roberta A. Kaplan entitled "Investigative Interview of Plaintiff" on the following grounds: Plaintiff objects to this exhibit on the grounds that the exhibit and supporting declaration lack foundation. Plaintiff does not agree to the authenticity of this document. Plaintiff objects to this exhibit on the grounds that it is comprised of multiple layers of hearsay. Plaintiff's Complaint also does not rely on this exhibit and it is not substantially referenced in Plaintiff's Complaint. Plaintiff did not use this document in the preparation of Plaintiff's Complaint. Further, to the extent Defendant argues, or this Court believes, that there are also facts contained in these exhibits that contradict Plaintiffs' allegations, this creates a question of fact not suitable for determination on Defendant's Rule 12(b)(6) Motion to Dismiss.

C. <u>Exhibit 3 to the Declaration of Roberta A. Kaplan</u>

Plaintiffs object to Defendant's request to incorporate by reference Exhibit 3 to the Declaration of Roberta A. Kaplan entitled "Plaintiff's Investigative File" on the following grounds: Plaintiff objects to this exhibit on the grounds that the exhibit and supporting declaration lack foundation. Plaintiff does not agree to the authenticity of this document. Plaintiff objects to this exhibit on the grounds that it is comprised of multiple layers of hearsay. Plaintiff's Complaint also does not rely on this exhibit and it is not referenced at all in Plaintiff's Complaint. Plaintiff did not use this document in the preparation of Plaintiff's Complaint. Further, to the extent Defendant argues, or this Court believes, that there are also facts contained in these exhibits that contradict Plaintiffs' allegations, this creates a question of fact not suitable for determination on Defendant's Rule 12(b)(6) Motion to Dismiss.

### D. Exhibit 4 to the Declaration of Roberta A. Kaplan

Plaintiffs object to Defendant's request to incorporate by reference Exhibit 4 to the Declaration of Roberta A. Kaplan entitled "Columbia's Sexual Violence Response Hotline" on the following grounds: Plaintiff objects to this exhibit on the grounds that the exhibit and supporting declaration lack foundation. Plaintiff does not agree to the authenticity of this document. Plaintiff objects to this exhibit on the grounds that it is comprised of multiple layers of hearsay. Plaintiff's Complaint also does not rely on this exhibit and it is not substantially referenced in Plaintiff's Complaint. Plaintiff did not use this document in the preparation of Plaintiff's Complaint. Further, to the extent Defendant argues, or this Court believes, that there are also facts contained in these exhibits that contradict Plaintiffs' allegations, this creates a question of fact not suitable for determination on Defendant's Rule 12(b)(6) Motion to Dismiss.

### E. Exhibit 5 to the Declaration of Roberta A. Kaplan

Plaintiffs object to Defendant's request to incorporate by reference Exhibit 5 to the Declaration of Roberta A. Kaplan entitled "Plaintiff's Columbia Health Record" on the following grounds: Plaintiff objects to this exhibit on the grounds that the exhibit and supporting declaration lack foundation. Plaintiff does not agree to the authenticity of this document. Plaintiff objects to this exhibit on the grounds that it is comprised of multiple layers of hearsay. Plaintiff's Complaint also does not rely on this exhibit and it is not substantially referenced in Plaintiff's Complaint. Plaintiff did not use this document in the preparation of Plaintiff's Complaint. Further, to the extent Defendant argues, or this Court believes, that there are also facts contained in these exhibits that contradict Plaintiffs' allegations, this creates a question of fact not suitable for determination on Defendant's Rule 12(b)(6) Motion to Dismiss.

F. <u>Exhibit 6 to the Declaration of Roberta A. Kaplan</u>

Plaintiffs object to Defendant's request to incorporate by reference Exhibit 6 to the Declaration of Roberta A. Kaplan entitled "Letter to Plaintiff from Columbia's Associate Vice President, Student Conduct and Community Standards, dated October 24, 2016" on the following grounds: Plaintiff objects to this exhibit on the grounds that the exhibit and supporting declaration lack foundation. Plaintiff does not agree to the authenticity of this document. Plaintiff objects to this exhibit on the grounds that it is comprised of multiple layers of hearsay. Plaintiff's Complaint also does not rely on this exhibit and it is not referenced at all in Plaintiff's Complaint. Plaintiff did not use this document in the preparation of Plaintiff's Complaint. Further, to the extent Defendant argues, or this Court believes, that there are also facts contained in these exhibits that contradict Plaintiffs' allegations, this creates a question of fact not suitable for determination on Defendant's Rule 12(b)(6) Motion to Dismiss.

G. <u>Exhibit 7 to the Declaration of Roberta A. Kaplan</u>

Plaintiffs object to Defendant's request to incorporate by reference Exhibit 7 to the Declaration of Roberta A. Kaplan entitled "Email Correspondence between Plaintiff and her Academic Advisor, dated October 14-16, 2015" on the following grounds: Plaintiff objects to this exhibit on the grounds that the exhibit and supporting declaration lack foundation. Plaintiff does not agree to the authenticity of this document. Plaintiff objects to this exhibit on the grounds that it is comprised of multiple layers of hearsay. Plaintiff's Complaint also does not rely on this exhibit and it is not referenced at all in Plaintiff's Complaint. Plaintiff did not use this document in the preparation of Plaintiff's Complaint. Further, to the extent Defendant argues, or this Court believes, that there are also facts contained in these exhibits that contradict Plaintiffs' allegations,

this creates a question of fact not suitable for determination on Defendant's Rule 12(b)(6) Motion to Dismiss.

    H. <u>Exhibit 8 to the Declaration of Roberta A. Kaplan</u>

Plaintiffs object to Defendant's request to incorporate by reference Exhibit 8 to the Declaration of Roberta A. Kaplan entitled "Plaintiff's Case Management File" on the following grounds: Plaintiff objects to this exhibit on the grounds that the exhibit and supporting declaration lack foundation. Plaintiff does not agree to the authenticity of this document. Plaintiff objects to this exhibit on the grounds that it is comprised of multiple layers of hearsay. Plaintiff's Complaint also does not rely on this exhibit and it is not referenced at all in Plaintiff's Complaint. Plaintiff did not use this document in the preparation of Plaintiff's Complaint. Further, to the extent Defendant argues, or this Court believes, that there are also facts contained in these exhibits that contradict Plaintiffs' allegations, this creates a question of fact not suitable for determination on Defendant's Rule 12(b)(6) Motion to Dismiss.

    I. <u>Exhibit 9 to the Declaration of Roberta A. Kaplan</u>

Plaintiffs object to Defendant's request to incorporate by reference Exhibit 9 to the Declaration of Roberta A. Kaplan entitled "Incident Report" on the following grounds: Plaintiff objects to this exhibit on the grounds that the exhibit and supporting declaration lack foundation. Plaintiff does not agree to the authenticity of this document. Plaintiff objects to this exhibit on the grounds that it is comprised of multiple layers of hearsay. Plaintiff's Complaint also does not rely on this exhibit and it is not referenced at all in Plaintiff's Complaint. Plaintiff did not use this document in the preparation of Plaintiff's Complaint. Further, to the extent Defendant argues, or this Court believes, that there are also facts contained in these exhibits that contradict Plaintiffs' allegations,

this creates a question of fact not suitable for determination on Defendant's Rule 12(b)(6) Motion to Dismiss.

J. <u>Exhibit 10 to the Declaration of Roberta A. Kaplan</u>

Plaintiffs object to Defendant's request to incorporate by reference Exhibit 10 to the Declaration of Roberta A. Kaplan entitled "Letter to Plaintiff from Columbia's Associate Vice President, Student Conduct and Community Standards, dated August 8, 2016" on the following grounds: Plaintiff objects to this exhibit on the grounds that the exhibit and supporting declaration lack foundation. Plaintiff does not agree to the authenticity of this document. Plaintiff objects to this exhibit on the grounds that it is comprised of multiple layers of hearsay. Plaintiff's Complaint also does not rely on this exhibit and it is not referenced at all in Plaintiff's Complaint. Plaintiff did not use this document in the preparation of Plaintiff's Complaint. Further, to the extent Defendant argues, or this Court believes, that there are also facts contained in these exhibits that contradict Plaintiffs' allegations, this creates a question of fact not suitable for determination on Defendant's Rule 12(b)(6) Motion to Dismiss.

K. <u>Exhibit 11 to the Declaration of Roberta A. Kaplan</u>

Plaintiffs object to Defendant's request to incorporate by reference Exhibit 11 to the Declaration of Roberta A. Kaplan entitled "Letter to Plaintiff from her Case Manager" on the following grounds: Plaintiff objects to this exhibit on the grounds that the exhibit and supporting declaration lack foundation. Plaintiff does not agree to the authenticity of this document. Plaintiff objects to this exhibit on the grounds that it is comprised of multiple layers of hearsay. Plaintiff's Complaint also does not rely on this exhibit and it is not referenced at all in Plaintiff's Complaint. Plaintiff did not use this document in the preparation of Plaintiff's Complaint. Further, to the extent Defendant argues, or this Court believes, that there are also facts contained in these exhibits

that contradict Plaintiffs' allegations, this creates a question of fact not suitable for determination on Defendant's Rule 12(b)(6) Motion to Dismiss.

L. <u>Exhibit 12 to the Declaration of Roberta A. Kaplan</u>

Plaintiffs object to Defendant's request to incorporate by reference Exhibit 12 to the Declaration of Roberta A. Kaplan entitled "Email Correspondence between Plaintiff and an officer in Columbia's Office of Public Safety, dated September 16, 2016" on the following grounds: Plaintiff objects to this exhibit on the grounds that the exhibit and supporting declaration lack foundation. Plaintiff does not agree to the authenticity of this document. Plaintiff objects to this exhibit on the grounds that it is comprised of multiple layers of hearsay. Plaintiff's Complaint also does not rely on this exhibit and it is not referenced at all in Plaintiff's Complaint. Plaintiff did not use this document in the preparation of Plaintiff's Complaint. Further, to the extent Defendant argues, or this Court believes, that there are also facts contained in these exhibits that contradict Plaintiffs' allegations, this creates a question of fact not suitable for determination on Defendant's Rule 12(b)(6) Motion to Dismiss.

M. <u>Exhibit 13 to the Declaration of Roberta A. Kaplan</u>

Plaintiffs object to Defendant's request to incorporate by reference Exhibit 13 to the Declaration of Roberta A. Kaplan entitled "Letter to Plaintiff from a Title IX Investigator" on the following grounds: Plaintiff objects to this exhibit on the grounds that the exhibit and supporting declaration lack foundation. Plaintiff does not agree to the authenticity of this document. Plaintiff objects to this exhibit on the grounds that it is comprised of multiple layers of hearsay. Plaintiff's Complaint also does not rely on this exhibit and it is not referenced at all in Plaintiff's Complaint. Plaintiff did not use this document in the preparation of Plaintiff's Complaint. Further, to the extent Defendant argues, or this Court believes, that there are also facts contained in these exhibits

that contradict Plaintiffs' allegations, this creates a question of fact not suitable for determination on Defendant's Rule 12(b)(6) Motion to Dismiss.

N. <u>Exhibit 14 to the Declaration of Roberta A. Kaplan</u>

Plaintiffs object to Defendant's request to incorporate by reference Exhibit 14 to the Declaration of Roberta A. Kaplan entitled "Email Correspondence between Plaintiff and a Title IX Investigator, dated October 19, 2016" on the following grounds: Plaintiff objects to this exhibit on the grounds that the exhibit and supporting declaration lack foundation. Plaintiff does not agree to the authenticity of this document. Plaintiff objects to this exhibit on the grounds that it is comprised of multiple layers of hearsay. Plaintiff's Complaint also does not rely on this exhibit and it is not referenced at all in Plaintiff's Complaint. Plaintiff did not use this document in the preparation of Plaintiff's Complaint. Further, to the extent Defendant argues, or this Court believes, that there are also facts contained in these exhibits that contradict Plaintiffs' allegations, this creates a question of fact not suitable for determination on Defendant's Rule 12(b)(6) Motion to Dismiss.

O. <u>Exhibit 15 to the Declaration of Roberta A. Kaplan</u>

Plaintiffs object to Defendant's request to incorporate by reference Exhibit 15 to the Declaration of Roberta A. Kaplan entitled "Contemporaneous Notes of Communications between Plaintiff and a Survivor Advocate, dated October 14, 2015. " on the following grounds: Plaintiff objects to this exhibit on the grounds that the exhibit and supporting declaration lack foundation. Plaintiff does not agree to the authenticity of this document. Plaintiff objects to this exhibit on the grounds that it is comprised of multiple layers of hearsay. Plaintiff's Complaint also does not rely on this exhibit and it is not referenced at all in Plaintiff's Complaint. Plaintiff did not use this document in the preparation of Plaintiff's Complaint. Further, to the extent Defendant argues, or

this Court believes, that there are also facts contained in these exhibits that contradict Plaintiffs' allegations, this creates a question of fact not suitable for determination on Defendant's Rule 12(b)(6) Motion to Dismiss.

By her Attorneys,

/s/ ROBERT HANTMAN
Robert Hantman (2066538)

Hantman & Associates
1120 Avenue of Americas 4th Fl.
New York, NY 10036
Tel: 212- 684-3933
Email: rhantman@hantmanlaw.com

s/ ALEXANDER S. ZALKIN
Alexander S. Zalkin, Esq. *[Pro Hac Vice]*
Irwin M. Zalkin, Esq. *[Pro Hac Vice]*
Ryan M. Cohen, Esq. *[Pro Hac Vice]*
The Zalkin Law Firm, P.C.
12555 High Bluff Drive, Ste 301
San Diego CA  92130
(858) 259-3011 / alex@zalkin.com
irwin@zalkin.com
ryan@zalkin.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2017, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

/s/ ALEXANDER S. ZALKIN
Alexander S. Zalkin, Esq. *[Pro Hac Vice]*
The Zalkin Law Firm, P.C.
12555 High Bluff Drive, Ste 301
San Diego CA  92130
(858) 259-3011 / alex@zalkin.com